BILLY WAYNE DAWSON v. THOMAS A. RADEWICZ

No. 825SC611

(Filed 6 September 1983)

**Contracts § 34— tortious interference with employment contract—insufficiency of evidence**

   Plaintiff's evidence was insufficient to support an action for tortious interference with an employment contract where the evidence tended to show that plaintiff had been tentatively hired as an ABC law enforcement officer when defendant sheriff told the ABC Board administrator and chairman of the ABC Board he might have difficulty working with plaintiff, a former deputy sheriff, if plaintiff were hired and where the evidence showed that subsequent to the meeting with defendant the ABC Board decided to postpone hiring anyone for the law enforcement officer position giving the reason that the board members felt that there would not be a good working relationship between the ABC law enforcement division and the sheriff's department if plaintiff were hired.

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 19 April 1982 in Superior Court, PENDER County. Heard in the Court of Appeals 21 April 1983.

This appeal arises from an action for tortious interference with plaintiff's employment contract with the New Hanover County Alcoholic Beverage Control Board (hereinafter ABC Board). The plaintiff's evidence showed that in 1978, defendant was elected Sheriff of New Hanover County. Plaintiff, a deputy sheriff at the time, had actively supported candidates other than defendant in both the primary and general elections. After the election, defendant notified five deputies, including plaintiff, that they would not be rehired. Plaintiff's employment with the Sheriff's Department was terminated on 4 December 1978. He thereafter began seeking a job with other law enforcement agencies. He applied for a position with the ABC Board as an ABC Law Enforcement Officer, and on 22 February 1979 he met with Chief ABC Officer George McLean and ABC Board Administrator George Tally. McLean and Tally advised plaintiff to report to work on 1 March 1979.

The following day, 23 February 1979, defendant "dropped by" Tally's office to congratulate him on his appointment as ABC Board Administrator. Defendant also told Tally that he understood the ABC Board was considering employing some of the former deputies that defendant had not rehired when he took office. He advised Tally that should this occur, he did not believe the Sheriff's Department could have a harmonious relationship with the ABC Board.

When William Rehder, Chairman of the ABC Board, came by Tally's office later that day, Tally told him of defendant's sentiments. Rehder asked Tally to set up a meeting with defendant to discuss the situation. At the meeting, Rehder asked defendant why the Sheriff's Department would have difficulty working with the ABC Board should plaintiff, whom he said had been tentatively hired, start working with the ABC Board. Defendant told Rehder and Tally that plaintiff was one of a group of men involved in making a threat on defendant's life. Defendant further told them about an incident in which plaintiff had accidentally discharged a gun while in his patrol car. Then defendant called one of his deputies into the meeting, who told Rehder and Tally that he and the other men in the department felt they could not work with plaintiff.

Following the meeting, the ABC Board decided to postpone hiring anyone for the ABC Law Enforcement Officer position, and

plaintiff was informed of this decision on 28 February 1979. The reason given for the Board's decision was the Board members felt there would not be a good working relationship between the ABC Law Enforcement Division and the Sheriff's Department if plaintiff were hired. Plaintiff eventually obtained employment elsewhere in May 1979.

At the close of plaintiff's evidence the court granted defendant's motion for directed verdict. Plaintiff appealed.

*Sperry, Scott and Cobb, by Herbert P. Scott and John P. Swart, for plaintiff appellant.*

*Crossley and Johnson, by Robert White Johnson; and James J. Wall, for defendant appellee.*

WEBB, Judge.

A cause of action for the tortious interference with a contract is recognized in this jurisdiction. *See Smith v. Ford Motor Co.,* 289 N.C. 71, 221 S.E. 2d 282 (1976); *Kelly v. International Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971); *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176 (1954); *Coleman v. Whisnant,* 225 N.C. 494, 35 S.E. 2d 647 (1945); and *Fitzgerald v. Wolf,* 40 N.C. App. 197, 252 S.E. 2d 523 (1979). We believe these cases establish the rule that a person may be liable for intentionally interfering with another's contractual rights or his right to contract. Some of the cases say that to be liable the interferer must be an outsider. An outsider is one who is not a party to the contract and has no legitimate interest in the subject matter thereof. *Smith v. Ford Motor Co., supra,* holds that a non-outsider may be liable if he brings about a termination for some reason other than a legitimate business reason. Other factors to be considered are the nature of the interference and the interest sought to be advanced by the interferer. *See* Restatement of Torts § 767 (1954).

We believe that applying these principles to this case requires us to affirm the judgment of the Superior Court. The defendant, as chief law enforcement officer of New Hanover County, had a legitimate interest in who other law enforcement officers in the county would be. He was not an outsider. Whether his difficulty with plaintiff was based on personal or professional reasons, he had a legitimate right to make this known to the New

Hanover County ABC Board. All the evidence shows he informed the Board of the difficulty he might have working with plaintiff if plaintiff were hired. The nature of this action was not coercive, as in many of the cases, but was a statement of the facts as the defendant understood them. We believe that on the facts of this case, defendant was privileged to convey this information to the ABC Board.

The plaintiff also assigns error to the exclusion of certain evidence. We do not believe the excluded evidence would affect the outcome of the case and we do not discuss these assignments of error.

Affirmed.

Judges WHICHARD and BRASWELL concur.