ELIZABETH WILLIAMS, PLAINTIFF-APPELLANT v. NEW HANOVER COUNTY BOARD OF EDUCATION, JEREMIAH PATRICK, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE NEW HANOVER BOARD OF EDUCATION, CARL UNSICKER, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE NEW HANOVER BOARD OF EDUCATION, RACHEL FREEMAN, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE NEW HANOVER BOARD OF EDUCATION, AND ANN KING, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE NEW HANOVER BOARD OF EDUCATION, DEFENDANTS-APPELLEES v. NORTH CAROLINA STATE BOARD OF EDUCATION, DEFENDANT-INTERVENOR-APPELLEE

No. 915SC9

(Filed 5 November 1991)

1. **Rules of Civil Procedure § 12.1 (NCI3d)— Rule 12(b)(6) motions—properly Rule 12(b)(1) motions—treated as 12(b)(1) motions**

   Defendants' motions for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) were treated as 12(b)(1) motions on appeal where the argument focused on the trial court's jurisdiction to hear the appeal from the Board of Education and the parties conceded at oral argument that the proper motions would have been under Rule 12(b)(1).

   **Am Jur 2d, Motions, Rules, and Orders § 4.**

2. **Schools § 13 (NCI3d)— career ladder—promotion denied— appeal to superior court**

   A teacher who is denied a promotion under the career ladder program may appeal to the local board of education

and then to superior court. N.C.G.S. § 115C-305 is construed consistently with N.C.G.S. § 115C-45(c) to require a party to exhaust his or her administrative remedies before seeking redress in the courts; therefore, a teacher may not seek judicial review in superior court without first appealing the school personnel action to the local board of education, and an appeal to the local board of education does not preclude an appeal to superior court. Furthermore, the local board's review of a decision by a three-member panel of trained evaluators as provided in N.C.G.S. § 115C-363.3(c) constitutes the final administrative action required before a party participating in the career ladder program may appeal to superior court.

**Am Jur 2d, Administrative Law §§ 595, 597-599; Schools §§ 149, 151, 156.**

APPEAL by plaintiff from order entered 1 October 1990 in NEW HANOVER County Superior Court by *Judge Napoleon B. Barefoot*. Heard in the Court of Appeals 15 October 1991.

*Ferguson, Stein, Watt, Wallas, Adkins and Gresham, P.A., by John W. Gresham and Thomas M. Stern, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr., and Hogue, Hill, Jones, Nash & Lynch, by William L. Hill, II, for defendant-appellees.*

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

GREENE, Judge.

Plaintiff appeals from an order entered 1 October 1990 granting the defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motions to dismiss the plaintiff's complaint.

In 1985, based on the asserted desire "to attract and retain the best people in teaching and in school administration" and on the policy of providing adequate base salaries for and encouraging differentiation of all teachers, our General Assembly established a "career development pilot program" which is intended to "act as a means of developing a career ladder plan that could be implemented on a statewide basis in the future." N.C.G.S. § 115C-363 (1987). Essentially, the career ladder plan is an experimental, merit pay promotion system implemented in 16 local school administrative

units. N.C.G.S. § 115C-363.1 (1987). The New Hanover County School System was selected as one of the 16 local school administrative units to implement the experimental program.

In general, teachers participating in the program are observed and evaluated pursuant to established criteria, and those who receive the required minimum evaluation ratings are recommended for promotion to a higher pay level. N.C.G.S. § 115C-363.3 (Supp. 1990). The program has three promotional levels: Career Status I, Career Status II, and Career Status III. During the 1985-86 school year, the plaintiff, a New Hanover County public school teacher, applied for and received a promotion to Career Status I. At the beginning of the 1986-87 school year, the plaintiff applied for a promotion to Career Status II. In April, 1987, because the plaintiff had not received the required minimum evaluation ratings for Career Status II on her evaluation, which evaluation her principal had prepared, the plaintiff's principal denied the plaintiff's application for promotion. The plaintiff appealed the principal's decision to a three-member appeals panel which voted two-to-one to uphold the principal's decision. The plaintiff then appealed the panel's decision to the New Hanover County Board of Education [Board] which voted four-to-two to uphold the principal's decision.

On 2 September 1988, the plaintiff filed in the New Hanover Superior Court a petition for judicial review of the Board's decision seeking injunctive relief and a complaint seeking monetary damages. The defendants named in her complaint were the Board and four members of the Board. On 2 November 1988, the defendants moved to dismiss the complaint for, among other reasons, the plaintiff's failure to state a claim upon which relief could be granted. In March, 1989, the trial court granted the North Carolina State Board of Education's [defendant-intervenor] motion to intervene as a defendant. On 27 April 1989, the defendant-intervenor moved to dismiss the complaint for failure to state a claim upon which relief could be granted. On 1 October 1990, the trial court granted the defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motions and dismissed "this action."

We note that the plaintiff does not argue on this appeal that the trial court erred in dismissing her complaint for monetary relief. Instead, the plaintiff only argues that the trial court erred in dismissing her petition for judicial review of the Board's decision. Furthermore, we note that the plaintiff has not brought forth an

argument concerning the trial court's order as it relates to the defendant-intervenor, but only as it relates to the Board and the four Board members. Accordingly, we do not disturb the trial court's order with regard to the dismissal of the cause of action set forth in the plaintiff's complaint or with regard to the dismissal of all matters relating to the defendant-intervenor. N.C.R. App. P. 28(b)(5).

---

The issue is whether a teacher who is denied a promotion under the career ladder program may, after appealing to the local board of education, appeal to superior court.

[1] The record reflects that at the hearing on the defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motions, the defendants argued that the plaintiff did not have the right to appeal the Board's decision to the trial court and that therefore the plaintiff's petition should be dismissed. The trial court apparently agreed as it dismissed the appeal. The argument that the plaintiff did not have the right to appeal to the trial court focuses on the trial court's jurisdiction to hear the appeal, not on whether the petition itself states a claim upon which relief can be granted. As the parties conceded at oral argument, the proper motions to challenge the trial court's jurisdiction to hear the plaintiff's appeal would have been N.C.G.S. § 1A-1, Rule 12(b)(1) motions, not N.C.G.S. § 1A-1, Rule 12(b)(6) motions. However, because "[a] motion is properly treated according to its substance rather than its label," *Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E.2d 453, 454 (1981), *disc. rev. denied*, 304 N.C. 726, 288 S.E.2d 380 (1982), and because the defendants' motions, in addition to challenging the legal sufficiency of the plaintiff's complaint, challenged the trial court's jurisdiction to hear the plaintiff's petition for judicial review, we treat the defendants' motions with regard to the plaintiff's petition as the trial court and the parties treated them, that is, as N.C.G.S. § 1A-1, Rule 12(b)(1) motions.

[2] At issue in this case is the meaning of N.C.G.S. § 115C-305 (1987) which provides that "[a]ppeals to the local board of education *or* to the superior court shall lie from the decisions of all school personnel, including decisions affecting character or the right to teach, as provided in G.S. 115C-45(c)." [Emphasis added.] The plaintiff argues that N.C.G.S. § 115C-305 gives her the right to appeal the Board's decision to the superior court. The defendants argue that the statute's use of the word "or" instead of "and" allows

a party to appeal decisions of school personnel to *either* the local board of education *or* to the superior court, but not both. It follows, the defendants contend, that because N.C.G.S. § 115C-363.3(c) (Supp. 1990) requires that a teacher appeal the principal's denial of Career Status II to the board of education, the plaintiff is not entitled to judicial review in the superior court. Alternatively, the defendants argue that regardless of how N.C.G.S. § 115C-305 is construed, the plaintiff is not entitled to appeal the Board's decision to superior court because N.C.G.S. § 115C-363.3(c) specifically provides that the Board's action regarding Career Status II is "final."

Because N.C.G.S. § 115C-45(c) (1987) and N.C.G.S. § 115C-305 both deal with appellate review of decisions of all school personnel to the local board of education and to the superior court, we construe these statutes *in pari materia* and reconcile them so that each may be given effect. *Great Southern Media, Inc. v. McDowell County*, 304 N.C. 427, 430-31, 284 S.E.2d 457, 461 (1981). The pertinent provisions of N.C.G.S. § 115C-45(c) provide:

An appeal shall lie from the decision of all school personnel to the appropriate local board of education. . . .

. . . .

An appeal shall lie from the decision of a local board of education to the superior court of the State in any action of a local board of education affecting *one's character or right to teach*. [Emphases added.]

Our Supreme Court has construed this statute as requiring, prior to seeking review in the superior court, that a teacher first appeal the school personnel action to the local board of education. *Presnell v. Pell*, 298 N.C. 715, 722, 260 S.E.2d 611, 615 (1979) (decided under former N.C.G.S. § 115-34 which statute is not materially different from current N.C.G.S. § 115C-45(c) ). This construction of N.C.G.S. § 115C-45(c) prohibits "untimely [judicial] intervention in the administrative process" by requiring as a prerequisite for superior court appellate jurisdiction that a party exhaust his administrative remedies. *Id.* We construe N.C.G.S. § 115C-305 consistent with N.C.G.S. § 115C-45(c) to require a party to exhaust his administrative remedies before seeking redress in the courts. Therefore, a teacher may not seek judicial review in superior court without first appealing the school personnel action to the local board of education. Likewise, an appeal to the local board of educa-

tion does not preclude an appeal to the superior court. *See Warren v. Buncombe County Bd. of Educ.,* 80 N.C. App. 656, 657-58, 343 S.E.2d 225, 226 (1986) (held that N.C.G.S. § 115C-305 authorized principal-teacher to appeal resignation dispute from local board of education to superior court). To construe N.C.G.S. § 115C-305 otherwise would render *void* N.C.G.S. § 115C-45(c)'s requirement that appeals from school personnel action first be taken to the local board of education. Therefore, to accomplish the legislative purpose behind N.C.G.S. § 115C-45(c) and N.C.G.S. § 115C-305, the "or" in N.C.G.S. § 115C-305 must be read conjunctively as an "and." *Sale v. Johnson,* 258 N.C. 749, 755-57, 129 S.E.2d 465, 469-70 (1963) ("or" may mean "and" when so intended by legislature). This construction will preserve the long-recognized policy of judicial restraint in the context of judicial review of school personnel decisions while giving effect to both N.C.G.S. § 115C-45(c) and N.C.G.S. § 115C-305.

Furthermore, contrary to the defendants' alternative argument, N.C.G.S. § 115C-363.3(c) does not eliminate the plaintiff's right to appellate review in the superior court. The pertinent part of N.C.G.S. § 115C-363.3(c) provides:

An employee not recommended for Career Status II may request a review by a three-member appeals panel chosen from a roster of trained evaluators. . . . The panel shall report its findings to the employing local board of education and the local board shall take *final action* on the matter. [Emphases added.]

Consistent with our interpretation of N.C.G.S. § 115C-305, the local board's review of the three-member appeals panel's decision as provided in N.C.G.S. § 115C-363.3(c) constitutes the final *administrative* action required before a party participating in the career ladder program may appeal to superior court pursuant to N.C.G.S. § 115C-305. *Cf.* N.C.G.S. § 150B-36 (Supp. 1990) ("final decision").

We agree with the parties that the principal's decision to deny the plaintiff's application for promotion based upon his evaluation of the plaintiff was a decision by a person properly classified as a member of "school personnel" as that term is used in N.C.G.S. § 115C-305. *Cf. Murphy v. McIntyre,* 69 N.C. App. 323, 328, 317 S.E.2d 397, 400 (1984) (principal's evaluation of plaintiff-teacher's aide was decision by member of "school personnel" not by county board of education in case decided under former N.C.G.S. § 115-34

which statute is not materially different from current N.C.G.S. § 115C-45(c) ). Accordingly, the plaintiff has the right to appeal the Board's decision to the superior court pursuant to N.C.G.S. § 115C-305, and the trial court's order is

Affirmed in part, reversed in part, and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.