410 S.E.2d 232 (1991)
104 N.C. App. 522
James R. WARREN, Plaintiff-Appellant
v.
NEW HANOVER COUNTY BOARD OF EDUCATION, Jeremiah Partrick, in his official capacity as a member of the New Hanover Board of Education, Carl Unsicker, in his official capacity as a member of the New Hanover Board of Education, Lucille T. Shaffer, in her official capacity as a member of the New Hanover Board of Education, and Ann King, in her official capacity as a member of the New Hanover Board of Education, and Ralph Davis, Defendant-Appellees
and
North Carolina State Board of Education Defendant-Intervenor-Appellee.
No. 915SC8.
Court of Appeals of North Carolina.
November 19, 1991.
*233 Ferguson, Stein, Watt, Wallas, Adkins and Gresham, P.A. by Thomas M. Stern, Chapel Hill, for plaintiff-appellant.
Womble, Carlyle, Sandridge & Rice by James R. Morgan Jr., Winston-Salem and Hogue, Hill, Jones, Nash & Lynch by William *234 L. Hill, II, Wilmington, for defendants-appellees.
Attorney Gen. Lacy H. Thornburg by Asst. Atty. Gen. Laura E. Crumpler, Raleigh, for defendant-intervenor-appellee.
EAGLES, Judge.
On appeal plaintiff contends that the trial court erred in granting defendants' Rule 12(b)(6) motion to dismiss plaintiff's free speech claims and denying plaintiff the right to appeal the Board's decision directly to the Superior Court. We agree and reverse the trial court's order as to the free speech claims and the right to appeal under G.S. 115C-305.
"The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed.... `The function of a motion to dismiss is to test the law of a claim, not the facts which support it.'" White v. White, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979) (citations omitted). "This rule generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery." Sutton v. Duke, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) (quoting American Dairy Queen Corp. v. Augustyn, 278 F.Supp. 717 (N.D.Ill.1967)).
Here, plaintiff alleged that by denying his promotion to Career Status II based on his presentation of the NCAE report, defendants deprived him of his free speech rights under the First Amendment of the U.S. Constitution and Article I, sec. 14 of the North Carolina Constitution and accordingly violated 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
To establish a cause of action for wrongful discharge or demotion in violation of the employee's First Amendment rights, the employee must show first "that the speech complained of qualified as protected speech or activity" and second "that such protected speech or activity was the `motivating' or `but for' cause for his discharge or demotion." Jurgensen v. Fairfax County, 745 F.2d 868, 877-78 (4th Cir.1984). "[T]he resolution of these two critical issues is a matter of law and not of fact." Id. at 878.
In applying the first prong of this two-part test we note that "[s]peech is constitutionally protected only if it relates to matters of public concern and if the interests of the speaker and the community in the speech outweigh the interests of the employer in maintaining an efficient workplace." Piver v. Pender County Board of Education, 835 F.2d 1076, 1078 (4th Cir. 1987), cert. denied, 487 U.S. 1206, 108 S.Ct. 2847, 101 L.Ed.2d 885 (1988) (citing Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) and Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)).
We agree with plaintiff that the speech at issue here involved matters of public concern rather than the internal working conditions of teachers. The General Assembly initiated the Career Development Pilot Program in New Hanover County and fifteen other school systems "to enable the State Board [of Education] and the General Assembly to analyze all facets of a career development plan prior to statewide implementation." 1985 N.C.Sess. Laws ch. 479, § 40. The survey that was the subject of plaintiff's speech related to efficiency and teacher acceptance of the pilot program which was of interest to the Board of Education, the General Assembly, and the citizens of North Carolina. Plaintiff, as president of the New Hanover County NCAE, addressed the Board about the survey results at a public school board meeting.
Additionally, we fail to see how any interest the State, as employer, may have had in regulating the speech could have outweighed the teacher's interest, as a citizen, *235 in publicizing and commenting on the results of the survey. Examples of legitimate employer concerns are discipline and harmony in the workplace, confidentiality, and protection of close working relationships that require loyalty and confidence. Pickering v. Board of Education, 391 U.S. 563, 569-70, 88 S.Ct. 1731, 1735, 20 L.Ed.2d 811, 818 (1968). "The Pickering balance requires full consideration of the government's interest in the effective and efficient fulfillment of its responsibilities to the public." Connick v. Myers, 461 U.S. 138, 150, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708, 722 (1983). At the center of the employee's interest is the first amendment protection of the "unfettered interchange of ideas for the bringing about of political and social changes desired by the people." Roth v. United States, 354 U.S. 476, 484, 77 S.Ct. 1304, 1308, 1 L.Ed.2d 1498, 1506 (1957). "[S]peech concerning public affairs is more than self-expression; it is the essence of self-government." Garrison v. Louisiana, 379 U.S. 64, 74-75, 85 S.Ct. 209, 216, 13 L.Ed.2d 125, 133 (1964).
Having concluded that the speech at issue was constitutionally protected, we turn to the second prong of the test. To survive defendant's Rule 12(b)(6) motion, plaintiff also had to show that his speech was the motivating factor behind the decision not to promote him to career Status II. Here, plaintiff alleged that before he disclosed the results of the survey he had consistently received excellent evaluations and that he had been selected Teacher of the Year at his school and had finished third in the balloting for New Hanover County Teacher of the Year for the 1985-86 school year. He alleged that early in December 1986 a plan evaluator and the principal of his school evaluated his teaching and that both gave him high marks. The same plan evaluator observed plaintiff's teaching on 6 February 1987, just three days after his report to the Board, gave plaintiff low scores and accused him of trying to undermine the Assistant Superintendent in charge of the Career Development Plan. On the day the results were scheduled for release to the Board of Education, the school principal "threatened plaintiff by stating that people were going to be upset with the results, and plaintiff might get caught `like the Nazis got the Jews.'" On 12 February 1987 the principal evaluated plaintiff's teaching, said plaintiff needed improvement, and showed hostility toward plaintiff. On 28 April 1987 the principal prepared plaintiff's summative evaluation and rated plaintiff "at standard" in four functions. One "at standard" rating was sufficient to prevent plaintiff's promotion to Career Status II. By contrast, in his 1986 evaluation plaintiff had received no scores lower than "above standard." Plaintiff reapplied for and received a promotion to Career Status II in the Fall of 1987 after he was no longer an NCAE officer. During plaintiff's evaluations that year, no observer found that any area of plaintiff's teaching needed improvement. His summative evaluation scores at the end of the school year consisted exclusively of "well above standard" and "superior" ratings. Taking plaintiff's allegations as true, we conclude that the complaint was sufficient to withstand defendants' Rule 12(b)(6) motion to dismiss.
Additionally, we find it unnecessary to address defendants' arguments regarding qualified immunity. The Supreme Court has said:
By the plain terms of § 1983, twoand only twoallegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law....
Moreover, this Court has never indicated that qualified immunity is relevant to the existence of the plaintiff's cause of action; instead we have described it as a defense available to the official in question.
Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572, 577-78 (1980).
Finally, we address plaintiff's contention that the trial court erred in denying *236 him the right to appeal the Board's decision to the Superior Court under G.S. 115C-305. For the reasons stated in Williams v. New Hanover County Board of Education, 104 N.C.App. 425, 409 S.E.2d 753 (1991), we hold that a teacher who is denied a promotion under the career ladder program may appeal to the Superior Court after exhausting his administrative remedies by appealing to the local board of education. We note that the standards for judicial review set forth in G.S. 150B-51, the whole record test, govern appeals from decisions of city or county boards of education. Overton v. Goldsboro City Board of Education, 304 N.C. 312, 317, 283 S.E.2d 495, 498 (1981).
Accordingly, the order of the trial court is reversed as it relates to plaintiff's free speech claims and right to appeal to the Superior Court.
Reversed.
HEDRICK, C.J., and GREENE, J., concur.