AREA LANDSCAPING, L.L.C., PLAINTIFF v. GLAXO-WELLCOME, INC., THE BRICKMAN GROUP, LTD., MICHAEL MUELLER, DEFENDANTS

No. COA02-960

(Filed 7 October 2003)

### 1. Wrongful Interference— tortious interference with contract—justification for bid

Summary judgment was properly granted for defendant Brickman on a claim for tortious interference with plaintiff's contract to provide landscaping services for defendant Glaxo. Brickman's bid for the contract was a legitimate business interest and indicates a non-malicious motive for its "interference" with plaintiff's contract. Plaintiff did not present evidence that Brickman acted without justification.

### 2. Wrongful Interference— tortious interference with contract—employee responsible for bid process—non-malicious explanation

Summary judgment was properly granted for defendant Mueller on a claim for tortious interference with plaintiff's contract to provide landscaping services to defendant Glaxo where Mueller was the Glaxo employee responsible for providing landscaping services who opened plaintiff's contract for bids, ultimately awarding the new contract to defendant Brickman. Plaintiff's bid for the new contract was nearly $1 million higher than Brickman's, which provided a legitimate, non-malicious business explanation for Mueller's actions.

### 3. Trade Secrets— contract bid—disclosure authorized in process

Summary judgment was appropriate on a trade secrets claim where plaintiff contended that defendant Mueller had revealed confidential information from a contract bid, but, as a part of the bidding process, plaintiff signed a letter that allowed Glaxo (Mueller's employer) to use and disclose bid information at its discretion.

### 4. Fraud— reasonable reliance—sharing contract bid information

Summary judgment was properly granted for defendants on a fraud claim arising from the sharing of bid information with a competitor. There were provisions in the bid information suffi-

cient to put plaintiff on notice that submitting a bid was tanta-
mount to surrendering control of that information. Any contrary
assumption by plaintiff was not reasonable reliance.

**5. Costs— attorney fees—action not brought in bad faith**

There was no abuse of discretion in a trial court finding that
an action arising from a contract bidding process was not
brought in bad faith, lacking in justiciable issues of fact or law, or
frivolous or malicious, and an order denying defendant attorney
fees was affirmed.

Appeal by plaintiff from order entered 18 February 2002 by Judge
Wade Barber in Orange County Superior Court. Cross-appeal by
defendants from order entered 24 April 2002 by Judge Wade Barber in
Orange County Superior Court. Heard in the Court of Appeals 18
August 2003.

*Wallace W. Bradsher, Jr., for plaintiff-appellant-cross-appellee.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Pressly M.
Millen, for defendant-appellee-cross-appellants.*

EAGLES, Chief Judge.

Plaintiff Area Landscaping, L.L.C. ("Area") appeals from an order
granting summary judgment in favor of defendants Glaxo-Wellcome,
Inc. ("Glaxo"), The Brickman Group, Ltd. ("Brickman"), and Michael
Mueller. Area argues that the trial court erred in granting defendants'
motion for summary judgment because several genuine issues of
material fact exist. Defendants cross-appeal from an order denying
sanctions against plaintiff. Defendants argue that the trial court
should have sanctioned plaintiff with payment of full trial costs and
payment of defendants' attorney fees. After careful review of the
record and briefs, we disagree and affirm both orders.

In July 1997, Area entered into a contract with Glaxo which
bound Area to provide landscaping services for Glaxo over a five-year
term until July 2002. Glaxo was Area's only customer from 1991 to
1999. In the summer of 1996, an angry confrontation about Area's
services occurred between Michael Mueller, a Glaxo employee, and
Barney Pittman, one of Area's co-owners. Area contends that Mueller
in response opened the bidding process on the landscaping contract
before Area's contract expired. On 5 October 1999, Glaxo notified
Area that the landscaping contract would be put up for bid. The 1997
contract between Area and Glaxo contained a clause that allowed

Glaxo to terminate the agreement for any reason, as long as Area was given thirty days' notice. However, Area alleges that the bidding process would not have been initiated in 1999 but for Mueller's animosity following his argument with Barney Pittman. Area contends that Mueller gave Brickman, a competitor, confidential information that belonged to Area. This "inside information" allowed Brickman to underbid Area and be awarded the new contract. Area's complaint alleges that Mueller and representatives from Brickman discussed Area's irrigation methods and the various components of Area's contract bid.

Brickman offered to provide landscaping services for Glaxo for $699,456 in 2000. Brickman's price estimate increased to $720,432 for 2002. Area offered landscaping services for a price of $1,648,839 each year, with an additional charge for irrigation. Glaxo awarded the contract to Brickman. On 14 December 1999, Glaxo representative Darren Dasburg wrote to Area, informing Area that the new contract had been awarded to Brickman and that Area's contract would be cancelled on 31 January 2000.

Area sued defendants Glaxo, Mueller and Brickman for tortious interference with contract, fraud, unfair and deceptive trade practices and violations of the North Carolina Trade Secrets Protection Act. Defendant Glaxo asserted several counterclaims against Area regarding the performance of the landscaping contract. The trial court granted defendants' motion for summary judgment. Defendants voluntarily dismissed their counterclaims and filed a motion requesting payment of costs and defendants' attorney fees. The trial court allowed the motion for costs, ordering plaintiff to pay $3,506 out of a requested $4,323 in costs. However, the trial court denied defendants' motion for attorney fees. Area appeals from the order granting summary judgment. Defendants cross-appeal from the order denying attorney fees.

[1] On appeal, Area argues that the trial court erred in granting summary judgment in favor of defendants because there are several genuine issues of material fact. We disagree and affirm.

The trial court granted defendants' motion for summary judgment on plaintiff's tortious interference with contract claim. Summary judgment is only appropriate if there are no genuine issues of material fact and any party is entitled to judgment as a matter of law. See G.S. § 1A-1, Rule 56 (2001). An issue of fact is material if it would constitute any element of a claim or defense. See Surrette v.

*Duke Power Co.*, 78 N.C. App. 647, 650, 338 S.E.2d 129, 131 (1986) (quoting *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980)).

Here, Area alleges that defendants Mueller and Brickman tortiously interfered with its contractual relationship with Glaxo. A cause of action for tortious interference with contract requires proof of the following elements:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff.

*Beck v. City of Durham*, 154 N.C. App. 221, 232, 573 S.E.2d 183, 191 (2002) (quoting *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988)). In order to demonstrate the element of acting without justification, the action must indicate "no motive for interference other than malice." *Filmar Racing, Inc. v. Stewart*, 141 N.C. App. 668, 674, 541 S.E.2d 733, 738 (2001). A defendant may encourage the termination of a contract "if he does so for a reason reasonably related to a legitimate business interest." *Robinson, Bradshaw & Hinson v. Smith*, 129 N.C. App. 305, 318, 498 S.E.2d 841, 850 (quoting *Fitzgerald v. Wolf*, 40 N.C. App. 197, 200, 252 S.E.2d 523, 524 (1979)), *disc. rev. denied*, 348 N.C. 695, 511 S.E.2d 649 (1998). Area alleged that defendant Brickman, a rival landscaping business, tortiously interfered with its contract with Glaxo. However, Area failed to present evidence that Brickman acted without justification. Its bid for the landscaping contract was a legitimate business interest and indicates a non-malicious motive for their "interference" with Area's contract. The motion for summary judgment was appropriately granted for defendant Brickman.

[2] Area's complaint also alleged that defendant Mueller interfered with the Glaxo contract. Mueller was an employee of Glaxo whose job duties included the supervision of various contractors that provided services on Glaxo's campuses, specifically including landscaping. In naming an involved, "non-outsider" as a defendant in its interference with contract claim, Area's complaint is unusual. However, despite defendants' arguments to the contrary, the naming of a non-outsider defendant is not a bar to recovery. As this Court explained in a tortious interference with contract case regarding an

employment contract: "It is true that so-called 'non-outsiders' often enjoy qualified immunity from liability for inducing their corporation or other entity to breach its contract . . . ." *Lenzer v. Flaherty*, 106 N.C. App. 496, 513, 418 S.E.2d 276, 286 (citing *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976)), *disc. rev. denied*, 332 N.C. 345, 421 S.E.2d 348 (1992). However, the qualified immunity is lost if the non-outsider acts with a wrongful purpose. *See Lenzer*, 106 N.C. App. at 513, 418 S.E.2d at 286. Thus, the insider employee Mueller would not be immune from plaintiff's allegation of tortious interference with contract if he pursued the termination of Glaxo's contract without justification and with malice. Here, Area has failed to show that Mueller acted without justification. The undisputed evidence indicated that Area's unsuccessful bid for the contract was nearly $1 million higher than the contract price quoted by Brickman. The substantially less expensive price certainly provided a legitimate, non-malicious business explanation for Mueller's actions. Therefore, plaintiff's complaint and forecast of evidence was not sufficient to allege tortious interference with contract against defendant Mueller. Summary judgment as to this claim was appropriately granted.

[3] Area also alleges that defendant Mueller did not manage the contract bidding process fairly. Specifically, Area contends that Mueller revealed to Brickman confidential information from Area's bid regarding irrigation costs that allowed Brickman to present a lower bid. These allegations give rise to three causes of action by Area: (1) a claim under G.S. § 66-152 *et seq.*, the Trade Secrets Protection Act; (2) a claim under G.S. § 75-1.1 for unfair or deceptive trade practices; and (3) a claim for fraud. The same event, the alleged disclosure of Area's bid information, forms the basis for all three claims. Area claims that the information in its bid was sealed. Area states that it did not intend for third party competitors to have access to its pricing information when it submitted a bid for the Glaxo contract.

The owner of a trade secret may pursue a civil action if that secret is misappropriated. G.S. § 66-153 (2001). "Trade secret" is defined in G.S. § 66-152(3) as follows:

"Trade secret" means business or technical information, including but not limited to a formula, pattern, program, device, compilation of information, method, technique, or process that:

a. Derives independent actual or potential commercial value from not being known or readily ascertainable through inde-

pendent development or reverse engineering by persons who can obtain economic value from its disclosure or use; and

b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

G.S. § 66-152(3) (2001). "Misappropriation" is defined as the use of another's trade secret "without express or implied authority or consent . . . ." G.S. § 66-152(1) (2001). Information regarding customer lists, pricing formulas and bidding formulas can qualify as a trade secret under G.S. § 66-152(3). *See Byrd's Lawn & Landscaping, Inc. v. Smith*, 142 N.C. App. 371, 542 S.E.2d 689 (2001); *Novacare Orthotics & Prosthetics E., Inc.*, 137 N.C. App. 471, 528 S.E.2d 918 (2000). To determine what information should be treated as a trade secret, a court should consider the following factors:

(1) the extent to which information is known outside the business;

(2) the extent to which it is known to employees and others involved in the business;

(3) the extent of measures taken to guard secrecy of the information;

(4) the value of information to business and its competitors;

(5) the amount of effort or money expended in developing the information; and

(6) the ease or difficulty with which the information could properly be acquired or duplicated by others.

*State ex rel. Utilities Comm'n v. MCI*, 132 N.C. App. 625, 634, 514 S.E.2d 276, 282 (1999) (quoting *Wilmington Star News v. New Hanover Regional Medical Center*, 125 N.C. App. 174, 180-81, 480 S.E.2d 53, 56 (1997)). In order to survive a motion for summary judgment, Area must allege facts that would allow a reasonable finder of fact to conclude that the information in the bid was not "generally known or readily ascertainable" and that Area has made reasonable efforts to maintain the information's secrecy. *Bank Travel Bank v. McCoy*, 802 F. Supp. 1358, 1360 (E.D.N.C. 1992), *aff'd sub nom.*, *Amariglio-Dunn v. McCoy*, 4 F.3d 984 (4th Cir. 1993) (unpublished).

Here, Area did not act reasonably to maintain the secrecy of its bid information. Pamela Pittman, on behalf of Area, signed a document entitled "Proposal Letter" as part of the bidding process

for the landscaping contract. That proposal letter contained the following clause:

> By submitting this proposal, Bidder [Area] agrees that all information received by Glaxo Wellcome from Bidder, as a result of this Request for Proposal and subsequent thereto, shall become the property of Glaxo Wellcome, to be used and disclosed at its sole discretion without further obligation to Bidder, copyright or other restrictive legend notwithstanding.

Area contends that this clause did not give Glaxo the right to share information with a third party. Also Area argues that it understood that the information within the bid would be confidential. However, the disclaimer in the proposal letter contained no such reservations. The disclaimer allowed Glaxo to use and disclose bid information "at its sole discretion." By signing this letter and submitting information according to these specifications, Area did not take actions to protect the bid information. Therefore, the information did not qualify as a trade secret as defined in G.S. § 66-152(3). Also, assuming *arguendo* that Mueller gave Brickman the information, he did not misappropriate it according to G.S. § 66-152(1) because Area gave Glaxo express consent to use the information "at its sole discretion." Summary judgment on the trade secrets claim was appropriate because there were no genuine issues of material fact and defendants were entitled to judgment as a matter of law.

[4] Area also alleged that defendants' misuse of its trade secret was an unfair or deceptive trade practice according to G.S. § 75-1.1. Since the trial court properly granted summary judgment as to the trade secret claim, this claim must also fail.

Similarly, Area's cause of action for fraud was vulnerable to summary judgment. An allegation of fraud must contain the following elements: "(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *State Properties, LLC v. Ray,* 155 N.C. App. 65, 72, 574 S.E.2d 180, 186 (2002) (quoting *Helms v. Holland,* 124 N.C. App. 629, 634, 478 S.E.2d 513, 516 (1996)), *disc. rev. denied,* 356 N.C. 694, 577 S.E.2d 889 (2003). "[R]eliance on alleged false representations must be reasonable." *State Properties,* 155 N.C. App. at 72, 574 S.E.2d at 186 (citing *Johnson v. Owens,* 263 N.C. 754, 140 S.E.2d 311 (1965)). Here, Area alleges that defendants Glaxo and Mueller falsely represented that the information in its bid package would be kept confidential.

Area's argument relies upon the written instructions Glaxo sent to Area and all potential bidders along with the proposal letter in the "Request for Proposal" or RFP. These instructions included a section entitled "Confidentiality" as follows:

> This RFP, and all information contained herein, is confidential. No information concerning this RFP or the work required shall be released to third parties, except prospective subcontractors or consultants as required for the preparation of the proposal, *without the prior written consent of Glaxo Wellcome. All proposals submitted in response to this RFP are the property of Glaxo Wellcome without further obligation to Bidder.*

(Emphasis added). The confidentiality provision cited above indicates clearly that the bid information is the property of Glaxo that can be divulged only with Glaxo's permission. This provision, which Area cites as a indication that Glaxo would keep the information in the bid confidential does not conflict with the express written agreement in the proposal letter granting Glaxo permission to use Area's bid information "at its sole discretion." Both of these provisions were sufficient to put Area on notice that submitting its pricing information to Glaxo was tantamount to surrendering control over the use of that information. Any assumption by Area that its information would not be controlled or used by Glaxo in its sole discretion conflicted with the explicit terms of the proposal letter and Request for Proposal. This assumption did not constitute reasonable reliance that would support a cause of action based upon fraud. Summary judgment for defendants was appropriate on this claim.

[5] On cross-appeal, defendants argue that the trial court should have granted defendants' motion for attorney fees. Defendants' motion for attorney fees was supported by four separate arguments: (1) that attorney fees were appropriate according to G.S. § 66-154(d) because plaintiff Area's claim for misappropriation of trade secrets was made in bad faith; (2) that attorney fees were permitted according to G.S. § 6-21.5 because Area did not present a justiciable claim; (3) that attorney fees were appropriate under G.S. § 1D-45 because Area filed a frivolous and malicious claim for punitive damages; and (4) that attorney fees should have been awarded according to G.S. § 75-16.1 because Area's unfair and deceptive trade practice claim was frivolous and malicious.

Defendants argue that the lack of evidence in support of Area's claims indicates that Area knowingly prosecuted a specious claim.

According to defendants' argument, this claim was frivolous and malicious, produced by bad faith, and was not justiciable. However, the trial court explicitly found that "Plaintiff's action was not brought in bad faith, lacking in justiciable issues of fact or law, or frivolous or malicious." Defendants argue that this finding was an abuse of the trial court's discretion, but do not offer any persuasive reason why the trial court should have made a contrary decision. The decision to award or deny the award of attorney fees will not be disturbed on appeal unless the trial court has abused its discretion. Defendants failed to show abuse of discretion. Accordingly, defendants' assignments of error in the cross-appeal are overruled.

For the reasons stated, we affirm the trial court's order granting defendants' motion for summary judgment and the order denying the payment of defendants' attorney fees.

Affirmed.

Judges TYSON and STEELMAN concur.