Gaston, Judge,
 

 after stating the case as above, proceeded as follows: A mandamus is the appropriate remedy, to compel inferior courts and officers, and sometimes private persons, to perform certain acts of a public nature, or having connexion with a public duty. At the common law, after a mandamus issued, no costs were to be paid or received, the King being considered the prosecutor; nor could the return to a mandamus be contradicted. But, as it not unfrequently happened that the act required by the writ, though of a public nature, or connected with a public duty, materially af
 
 *23
 
 feeted individual or private rights; it was lawful for any person aggrieved by a false return to the mandamus, to bring his action on the case for damages, and in that action, costs were recovered by the successful party. By the statute 9th Anne, ch. 20, it was enacted, that where persons who had a right to the offices of Mayor, Bailiff or Portreve of a town corporate or borough in England or Wales, or to be burgesses or freemen of such town or borough, were illegally turned out of their offices or franchises, or refused to be admitted thereto, and a writ of mandamus should issue for their restoration or admission, it might be lawful for them to traverse all or any of the material facts contained in the return to the mandamus, and then the person or persons making the return, might reply, take issue, or demur to such traverse; and such further proceedings should be had therein, for the determination thereof, as might have been had, if the person or persons suing the mandamus, had brought his or their action on the case for a false return; and it was provided, that if thereupon judgment should be rendered for the person or persons suing the mandamus, he or they might recover damages and costs, in such manner as he or they might have done in such action on the case, and also have a peremptory writ of mandamus, without delay; and, on the other hand, that if the judgment should be rendered for the person or persons making return to such writ, he or they should recover costs of suit. This statute was not in force in this State; but in the session of 1836-7, an act was passed (1 Rev. Stat. ch. 97, title Quo Warranto and Mandamus,) which was evidently modelled after this statute, and which contains, in many respects, the same provisions. Indeed, the only substantial difference between the statute and the act, on the subject of the mandamus, is that, in the act, these provisions, instead of being restricted to cases where a mandamus is sued for restitution of, or admission to, a corporate office or franchise, are, in general terms, applicable
 
 “
 
 to
 
 any
 
 writ of mandamus.” The judgment, therefore, which was rendered below, is warranted by the words of the act; but we are of opinion that it is not warranted by the sense of the act. The provision that, after a traverse of the return, if a
 
 *24
 
 verdict be found for the person suing such writ or judgment given for him, he shall recover his damages and costs,
 
 “
 
 as he might have done in an action on the case for a false return,” is obviously confined to those cases in which the writ has been sued out to enforce some individul or private right, alleged to have been injuriously violated or withheld, where damages may, in truth, be sustained by the false return; and the converse provision, “that in case judgment shall be given for the persons making such returns, they shall recover their costs,” ought, we think, to be restricted in its application to those cases only. In the case before us, the individual called the relator, claimed no office or franchise, set up no private right, complained of no personal injury, and for aught that appears on the record, had no interest whatever in the controversy other than such as was common to him with the other citizens of the State. The costs of such a controversy must be defrayed as they were at common law.
 

 Per Curiam. Judgment reversed.