PeaRson, J.
At common law, the return to a writ of mandar mus could not be traversed; and if the matters set forth were sufficient in law, the defendant had judgment to go without day. If the return was false, the remedy of the person aggrieved thereby was an action on the case for making a false return; and if *460 the plaintiff proved the matters of fact false, he recovered damages and costs. By 9th Anne, ch. 20, in certain cases, all or any of the material facts set out in the return may be traversed. Our statute of 1836, ch. 97, section 5, extends this provision to all cases, and upon a traverse of any of the material facts, “such proceedings shall be had, as might have been had, if the person suing such writ had brought his action on the case for a false return,” &c.
In our case, the return states that, after the return was made, the following issues were submitted to the jury : 1st. “ Was the bridge in question built according to contract?” 2nd. “Was it accepted by the County Court, or by the Commissioners after it was built?” The jury find that the bridge in question was not built according to contract. They find further, that the said bridge, after it was built, was accepted by the .County Court of Iredell. The record formally drawn up from these entries on the minute docket, shows that the petitioner traversed the return in two particulars, on both of which the defendants joined issue, and there- was a verdict in favor of the defendants, upon the first issue, and in favor of the petitioner upon the other.
The petitioner thereupon moved for judgment, that a peremptory mandamus issue, &e., which was refused, and ho excepts. There is no error.
The return sets out, that the bridge was not built according to the contract in several important particulars, which are specified ; “ that it is true that two of the commissioners, appointed by them, to make the contract, did represent to them, in writing, that the petitioner had built the bridge according to contrast, and that, thereupon, the defendants did make an order, directing the money to be paid to the petitioner;” but they aver that the representation, so made to them by the two Commissioners, was wilfully false, and was fraudulently procured to be made by the petitioner, with intent to deceive the defendants, and induce them to make the order; that, having soon after-wards discovered the fraud, and being satisfied that the bridge *461 had not been built according to the contract, they, at the next term, (which was the first opportunity they had for so doing,) rescinded this order, and refused to direct the money to be paid to the petitioner. The main, and most material fact set out in the return, is, that the bridge was not built according to contract : this fact the petitioner traverses, the defendants join issue, and it is found in their favor.
The petitioner also traverses the fact that the bridge had not been accepted by the defendants: upon this issue is joined, and is found in favor of the petitioner.
It will be observed, that the fact here traversed was averred by the petitioner, and was admitted by the return. So it was a fact agreed, and the issue thereupon was immaterial, for the -defendants confess it, and seek to avoid its effect, by averring new matter, viz., that the representations, made to them in writing, by the two Commissioners, were wilfully false, and fraudulently procured by the petitioner. This was a fact material for the petitioner to traverse: he did not do so, but puts his traverse upon a fact confessed. In the absence of a traverse, or a finding thereon in favor of the petitioner, we are to assume all the averments ol the return to be true, the petitioner being only entitled to ask for a peremptory mandamus, upon the ground that he has shown the return to he false, as if he had at common law established the falsity in an action on the case.
The material fact, that the bridge was not built according to the contract, being found by the verdict, and the other material fact being taken as true, because not traversed, and shown to be false, we are at a loss to see any pretext whatever that the plaintiff had to ask for a judgment against the defendants, on the ground that they had made a false return; and, as the matter is now presented, we should have considered the defendants guilty of a gross neglect of a high public duty, if they had not refused to let the petitioner receive the money.
It was suggested upon the argument, that, although the petitioner was not entitled to recover the specific sum, yet he might recover the actual value of the bridge, if it had been used *462 by tbe public. “ A mandamus is a bigb prerogative writ, and is only granted when one has a special legal right which cannot be recovered by an ordinary action.” State v. Justices oe Mooke, 2 Ire. Rep. 430. So the petitioner must show himself entitled to the specific right, and, failing in that, the suggestion that he should recover damages, and have a writ of enquiry, as upon a quantum meruit, under the common counts in assump-sit, has nothing whatever to support it.
In looking at the judgment, we perceive it is, that the “writ he quashed,” and the defendants go without day,” &c. The former part was inadvertently entered, and the judgment must be corrected, so as to be, “ It is considered by the Court that the defendants go without day, and recover of the petitioner their costs.” A judgment that the writ be quashed is not conclusive, and is proper when the petition does not disclose a case coming within the legitimate scope of the writ of mandamus, or where it is informal or defective, by the omission of necessary parties, or of some material fact. * The case, set out, presents one proper for a mandamus: both the petition and the return, so far from being informal or defective, are well drawn for the purpose of putting the matter of controversy upon the merits, and may be used “as forms,” with the exception of some repetition and unnecessary statement, whicti most pleaders use from abundance of caution, under cover of the maxim, that utile per inutile non vitiatur.
This case has been decided upon its merits, and the judgment should be final and conclusive, as directed above.
Judgment affirmed.