GEORGE L. FITZGERALD v. HARRY C. WOLF III D/B/A WOLF ASSOCIATES

No. 7826SC409

(Filed 6 March 1979)

1. Contracts § 31 — malicious interference with contract

A third party who induces one party to terminate or fail to renew a contract with another may be held liable for malicious interference with the party's contractual rights if the third party acts without justification.

**2. Contracts § 35— inducing termination of contract—justification—legitimate business interest**

A person is justified in inducing the termination of a contract of a third party if he does so for a reason reasonably related to a legitimate business interest.

**3. Contracts § 34— malicious interference with lease—legitimate business purpose—summary judgment for defendant**

The trial court properly entered summary judgment for defendant in an action to recover damages for maliciously inducing a realty company to terminate plaintiff's month-to-month lease of office space where defendant presented materials tending to show that he acted for the legitimate purpose of obtaining additional space for his business, plaintiff's contrary contention was not supported by his evidence, there were only latent doubts as to the credibility of defendant's materials, and plaintiff failed to point to specific areas of impeachment or contradictions in defendant's material.

APPEAL by plaintiff from *Johnson, Judge.* Judgment entered 2 February 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 February 1979.

On 8 December 1976, plaintiff brought this action for damages resulting from defendant's malicious interference with plaintiff's contract. The complaint alleged as follows: The plaintiff had leased office space in the Latta Arcade in Charlotte from the F.J.H. Realty Co., (hereinafter referred to as F.J.H.), since 1 June 1956. Defendant also leased space in the Latta Arcade from F.J.H. and during October 1976, willfully and maliciously induced F.J.H. to terminate F.J.H.'s lease contract with plaintiff. In Count II plaintiff alleged that defendant committed unfair trade practices as defined by G.S. 75-1.1 in that defendant threatened to terminate defendant's lease with F.J.H. unless F.J.H. terminated plaintiff's lease. Plaintiff also alleged that defendant misrepresented to F.J.H. that defendant needed additional office space, when, in fact, defendant's actual motive was to force out other tenants and thereby coerce F.J.H. to lower rents or sell the Latta Arcade office building to defendant. Defendant denied plaintiff's allegations and pled that his acts were based on legitimate business reasons and were therefore justified.

In support of plaintiff's claim, plaintiff presented correspondence between defendant and F.J.H. In plaintiff's Exhibit "A", defendant informed F.J.H. that he would not start paying rent on Room 207, since defendant could not vacate Room 112,

without additional space on the second floor. Defendant did not intend to pay for Room 112 as well as Room 207 when Room 207 was unusable without the additional space of plaintiff's offices. Plaintiff's Exhibit "B" is a reply from the trust officer in charge of the estate which owned the building, informing defendant that defendant would be required to pay for Room 207 or it would be rented to someone else.

On 19 October 1977, defendant moved to dismiss plaintiff's complaint pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted, and moved for summary judgment pursuant to G.S. 1A-1, Rule 56 on the grounds that there were no material issues of fact and defendant was entitled to judgment as a matter of law.

The court granted defendant's motion for summary judgment on Count I of plaintiff's complaint and granted judgment on the pleadings as to Count II. In the alternative, the court granted defendant's motion for summary judgment as to Count II of plaintiff's complaint.

*George L. Fitzgerald for plaintiff appellant.*

*Moore and Van Allen by George V. Hanna III and Jeffrey Kurzweil for defendant appellee.*

CLARK, Judge.

[1, 2]   Under North Carolina law, a third party who induces one party to terminate or fail to renew a contract with another may be held liable for malicious interference with the party's contractual rights if the third party acts without justification. *Spartan Equipment Co. v. Air Placement Equipment Co.*, 263 N.C. 549, 140 S.E. 2d 3 (1965); *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176 (1954), *petition for rehearing dismissed* 242 N.C. 123, 86 S.E. 2d 916 (1955). In order to establish the tort of malicious interference with a contract right, the plaintiff must prove:

> " '. . . *First*, that a valid contract existed between the plaintiff and a third person, . . . *Second*, that the outsider had knowledge of the plaintiff's contract with the third person. *Third*, that the outsider intentionally induced the third person not to perform his contract with the plaintiff. *Fourth*, that in so doing the outsider acted without justification.

*Fifth*, that the outsider's act caused the plaintiff actual damages.' " (Emphasis added.) *Smith v. Ford Motor Co.*, 289 N.C. 71, 84, 221 S.E. 2d 282, 290 (1976), quoting *Childress v. Abeles, supra.*

A person is justified in inducing the termination of a contract of a third party if he does so for a reason reasonably related to a legitimate business interest. *Wilson v. McClenny*, 262 N.C. 121, 136 S.E. 2d 569 (1964). In the case *sub judice*, the defendant has attacked the fourth essential element of plaintiff's claim for relief by asserting that his acts were justified. Defendant contends that there is no question of fact as to that issue, and therefore he is entitled to summary judgment as a matter of law.

[3] In support of his motion for summary judgment, defendant presented his own affidavit in which he denied that he or any representative of Wolf Associates made any attempt to interfere with plaintiff's lease with F.J.H. Defendant also presented the affidavit of John H. Wolfe, Secretary-Treasurer of F.J.H. Realty Co., and M. Sydney Alverson, Jr. and Floyd T. Boyce, Vice Presidents of the North Carolina National Bank Trust Department which administers the Estate of F. J. Heath, the majority stockholder of F.J.H. Realty Co. The affiants stated that plaintiff rented space from F.J.H. on a month-to-month basis and that F.J.H. decided to terminate plaintiff's lease because it needed the space for other tenants. At the time F.J.H. notified plaintiff of the termination of the month-to-month tenancy, F.J.H. offered to rent other offices in the Latta Arcade to plaintiff. The decision not to renew plaintiff's lease was based on a determination that the rental of plaintiff's space to defendant was the most economical use of office space. F.J.H. denied that defendant coerced F.J.H. into terminating plaintiff's lease.

In opposing defendant's motion for summary judgment, plaintiff filed his own affidavit stating in conclusory terms that defendant willfully requested F.J.H. to terminate plaintiff's lease. Plaintiff also submitted the affidavit of Arnold P. White in which the affiant stated that he received a notice to vacate his offices in Latta Arcade in 1974, and thereafter defendant occupied said offices.

A motion for summary judgment may be granted only where there is no genuine issue of material fact and the movant is en-

titled to judgment as a matter of law. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). The test is whether the defendant has presented sufficient materials to justify a directed verdict in his favor had the materials been offered as evidence at trial. *Brooks v. Smith*, 27 N.C. App. 223, 218 S.E. 2d 489 (1975).

We must therefore determine whether defendant has presented sufficient materials showing the lack of a genuine issue of fact for trial. In the case *sub judice*, defendant contends, and his materials tend to show, that he acted for the legitimate purpose of obtaining additional space for his business. This issue, however, involves a question of motive and the facts are peculiarly within the defendant's control, which raises an issue of credibility. Ordinarily, summary judgment is not appropriate under such circumstances, since the acceptance of the statements in the affidavit depends on credibility. *Lee v. Shor, supra. See, Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Summary judgment may be granted, however, when (1) there are only latent doubts as to the affiant's credibility, and (2) the opposing party has failed to point to specific areas of impeachment and contradiction and failed to move for a protective order under Rule 56(f). *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976); *Kidd v. Early, supra.*

In the case *sub judice*, plaintiff contends that defendant's actual motive in obtaining plaintiff's office space was to squeeze out other tenants, force the rental rates down and then purchase the building at a reduced price. Plaintiff argues that defendant acted for that purpose rather than for any business need for additional space.

This contention, however, is not supported by plaintiff's own evidence. In plaintiff's Exhibit "A", defendant notified F.J.H. that he would *not* pay for Room 207 since it was unusable without additional space on the second floor; and defendant was unable to vacate Room 112 without the extra space. This is inconsistent with plaintiff's contention that defendant was acting for reasons other than the need for additional space. In addition, F.J.H., a party which plaintiff contends is being victimized by defendant, filed an affidavit in support of defendant's contentions. Therefore, there are only latent doubts as to the credibility of defendant's materials.

**Hale v. Power Co.**

Plaintiff's affidavits fail to point out any specific facts showing a genuine issue of material fact and fail to point to specific areas of impeachment or contradiction. Nor did plaintiff move for a protective order pursuant to Rule 56(f).

Since there are only latent doubts as to the credibility of defendant's materials and plaintiff has failed to point to specific areas of impeachment or contradictions in defendant's materials, and has failed to move for a Rule 56(f) protective order, defendant has established the lack of a genuine issue of fact as to one of the essential elements of plaintiff's claim and is entitled to summary judgment.

We have carefully examined plaintiff's other assignment of error, and for the reasons stated above, find it to be without merit.

Affirmed.

Judges VAUGHN and MITCHELL concur.