RUTH HOLROYD, PLAINTIFF v. MONTGOMERY COUNTY; THE MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES; BRADY DICKSON; TED BLAKE; R. C. BOSTIC; RICK HARRIS; FAIRLEY McCALLUM; AND LOIS RAY, DEFENDANTS

No. COA03-1472

(Filed 21 December 2004)

1. **Mandamus— delay in compliance—denial of monetary damages**

    The trial court did not err by denying monetary damages as a matter of law for a delay in compliance of a writ of mandamus, because: (1) the purpose of a writ of mandamus remains a limited and extraordinary remedy to provide a swift enforcement of a party's already established legal rights, and plaintiff's only remedy to enforce the legal right created by order of the administrative law judge awarding reinstatement of plaintiff without back pay was through a writ of mandamus; and (2) an award of damages for delay in compliance with the legal duty is not authorized in North Carolina in an action for the writ of mandamus, nor does it exist in other jurisdictions which also lack specific statutory authority for award of damages in a mandamus action.

2. **Employer and Employee— blacklisting—solicited inquiry from prospective employer**

    The trial court did not err by granting defendant's motion for summary judgment with regard to the claim of blacklisting, because: (1) statements to a prospective employer would have to be unsolicited to violate N.C.G.S. § 14-355; and (2) defendants'

comments regarding plaintiff were made in response to inquiries by prospective employers, and such truthful statements made by defendant in the course of such inquiries were privileged under N.C.G.S. § 14-355.

**3. Appeal and Error; Wrongful Interference— preservation of issues—failure to raise issue at trial—interference with contract**

Although plaintiff contends the trial court erred by granting summary judgment in favor of defendants on the claim of interference with contract, this assignment of error is dismissed because: (1) plaintiff's complaint specified that plaintiff sought relief for blacklisting under N.C.G.S. § 14-355, but failed to plead with the required particularity a claim for interference with contract; (2) plaintiff did not allege the existence of any contractual relationship in her complaint; (3) plaintiff failed to allege the existence of a contract which would have ensued but for defendant's interference; and (4) plaintiff did not raise this issue before the trial court nor did she move to amend her complaint to include such allegations.

Appeal by plaintiff from an order entered 1 March 2002 by Judge Peter M. McHugh in Montgomery County Superior Court and an order entered 13 June 2003 by Judge Russell G. Walker, Jr. in Montgomery County Superior Court. Heard in the Court of Appeals 31 August 2004.

*Allen and Pinnix, P.A., by M. Jackson Nichols and Angela Long Carter, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by James R. Morgan, Jr., Robert D. Mason, Jr. and Alison R. Bost, for defendant-appellees.*

HUNTER, Judge.

Ruth Holroyd ("plaintiff") appeals from an order entered 1 March 2002 granting summary judgment to Montgomery County, et. al. ("defendant") as to plaintiff's claim for blacklisting, and an order entered 13 June 2003 denying monetary damages as a matter of law. For the reasons stated herein, we affirm the trial court's orders.

On 19 February 1997, plaintiff was hired as a probationary employee for a Social Worker III position by Montgomery County Department of Social Services. Plaintiff was injured in a car accident

**HOLROYD v. MONTGOMERY CTY.**

[167 N.C. App. 539 (2004)]

on the job in March of that year. Plaintiff was unable to come to an agreement with her supervisor concerning revised working conditions as a result of the accident and took Worker's Compensation leave on 29 May 1997. Defendant terminated plaintiff's employment on 31 August 1997.

Plaintiff filed a grievance for the dismissal with the Office of Administrative Hearings on 4 December 1997. Defendant failed to respond in a timely manner to plaintiff's discovery requests and a default judgment was entered as a sanction against defendant on 27 May 1998. The judgment ordered defendant to reinstate plaintiff into a comparable position to the one from which she had been terminated, and to pay appropriate attorney fees. The order specifically denied plaintiff's request for further damages of back pay and reinstatement of lost benefits, however.

Defendant failed to appeal the order and initially believed it to be an advisory opinion, rather than a final order. After confirmation from the administrative law judge that the order was final, defendant sent a letter to plaintiff regarding compliance with the order on 15 January 1999.

Plaintiff filed a complaint on 21 August 2000 against defendant, (1) requesting a writ of mandamus to enforce the order of the administrative law judge and award damages for the delay in compliance, and (2) alleging a cause of action for blacklisting by defendant. The trial court granted defendant's motion for summary judgment as to the blacklisting cause of action on 26 February 2002. On 22 October 2002, the trial court issued a writ of mandamus for enforcement of the prior order, but denied damages for delay in compliance as a matter of law in an order issued 13 June 2003. Plaintiff now appeals from the denial of damages and the grant of summary judgment in the respective orders.

The issues in this case are whether: (I) the trial court erred in concluding as a matter of law that plaintiff was not entitled to recover monetary damages for a delay in compliance in this action for a writ of mandamus, and (II) the trial court erred in granting defendant's motion for summary judgment for the second cause of action of blacklisting, and interference with contract. As we find no error by the trial court, we do not reach plaintiff's additional assignments of error as to the trial court's alternative findings denying damages.

I.

**[1]** Plaintiff first contends that the trial court's denial as a matter of law of an award of monetary damages for delay in compliance in an action for a writ of mandamus was in error. We disagree.

The issue of whether damages may be awarded to a successful plaintiff in an action for mandamus is one of first impression before this Court and we therefore carefully review the development of this extraordinary remedy in reaching this conclusion.

The writ of mandamus originated as a common law action. *See Tucker v. Justices of Iredell*, 46 N.C. 451, 459 (1854). At common law, the petitioner was not permitted to deny facts alleged in the return to a writ of mandamus, and if the return was sufficient in law, the matter was resolved without further proceedings. *See Tucker*, 46 N.C. at 459 (holding "a writ of *mandamus* could not be traversed; and if the matters set forth were sufficient in law; the defendant ha[s] judgment to go without day"). As the aggrieved party could not contradict the writ, they were permitted to recover damages and costs from the defendant when a false return was made by bringing a separate action on the case. *Id.* In 1836, the North Carolina General Assembly codified the writ of mandamus using language similar to that of the English Statute of 9 Anne, ch. 20, which had abolished the common law rule prohibiting traverse to the writ. *See State v. King*, 23 N.C. 22, 23 (1840), North Carolina Code ch. 97, *Quo Warranto*, § 5 (1836). The statute eliminated the need for a separate action, and permitted an aggrieved party to recover damages and costs in a case where the party could show a traverse of any of the material facts in a return to the writ. North Carolina Code ch. 97, *Quo Warranto*, § 5, *see Tucker*, 46 N.C. at 459.

The mandamus statute was amended significantly in 1872, eliminating the early language which provided limited grounds for damages in cases of false returns, but ensuring an expeditious determination by the court. *See* 1872 N.C. Sess. Laws ch. 1234, § 3. The revised statute specified that where the plaintiff sought relief other than enforcement of payment of a money demand, the summons was to be made returnable, heard, and determined within ten days by the trial court as to matters of both law and fact. *Id.* The revised statute provided that the matter could be held over to the next term of court only for jury determination of factual discrepancies. *Id.* The new amendments eliminated the possibility of recovery of damages for a false return, or any other grounds. *Id.*

The statute remained unchanged with regards to a writ of mandamus for relief other than enforcement of a money judgment until all statutory authority for the special remedy of mandamus was repealed, effective 1 January 1970. *See Fleming v. Mann*, 23 N.C. App. 418, 420, 209 S.E.2d 366, 368 (1974), 1967 N.C. Sess. Laws ch. 954, § 4. The legislation further specified that the repeal did not constitute a reenactment of the common law. 1967 N.C. Sess. Laws ch. 954, § 7.

In 1971, the North Carolina Supreme Court held there was no "practical difference in the results to be obtained by the common-law remedy of mandamus and the equitable remedy of mandatory injunction[,]" and the writ of mandamus therefore remains available as an extraordinary remedy issued by a court of competent jurisdiction to command the performance of a specified official duty issued by law. *See Sutton v. Figgatt*, 280 N.C. 89, 92, 185 S.E.2d 97, 99 (1971).

The writ may therefore still be issued by our courts, "and the substantive grounds for granting the remedy as developed under our former practice still control." *Fleming*, 23 N.C. App. at 420, 209 S.E.2d at 368. The purpose of a writ of mandamus remains, however, a limited and extraordinary remedy to provide a swift enforcement of a party's already established legal rights. "*Mandamus* will not lie unless the party seeking the writ has a clear legal right to the performance of the act sought to be enforced, and the party to be coerced is under a positive legal obligation to do what he is asked to be made to do." *See Steele v. Cotton Mills*, 231 N.C. 636, 639, 58 S.E.2d 620, 623 (1950). " ' "The function of [a] writ [of mandamus] is to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established." ' " *Moody v. Transylvania County*, 271 N.C. 384, 390, 156 S.E.2d 716, 720 (1967) (citations omitted).

Here, plaintiff's only remedy to enforce the legal right created by order of the administrative law judge awarding reinstatement of plaintiff without back pay was through a writ of mandamus. *See N.C. Dept. of Transporation v. Davenport*, 334 N.C. 428, 432 S.E.2d 303 (1993) (holding that an administrative agency is not subject to a contempt proceeding for failure to comply with an order).

Our courts have not, however, revived a right to damages on any grounds since the repeal of the statutory authority for the writ.[1] As

---

1. Pursuant to N.C.R. App. P. 30(e)(3), plaintiff cites the unpublished opinion in *Caves v. N.C. Dept. of Correction* (No. COA01-681 filed 2 April 2002), as authority for an award of damages in addition to enforcement of the existing legal right. We find an

our own Rules of Appellate Procedure indicate, mandamus is intended as a swift remedy, "filed without unreasonable delay" by the party seeking relief. N.C.R. App. P. 22(b). As the underlying history of the writ demonstrates, the remedy should be promptly sought for enforcement of the improperly denied legal right. An award of damages for delay in compliance with the legal duty is therefore not authorized in North Carolina in an action for the writ of mandamus.

Further, although not controlling authority, decisions of our sister jurisdictions provide guidance on this question of first impression. We find that other jurisdictions which, like North Carolina, lack specific statutory authority for award of damages in a mandamus action have similarly determined such a right does not exist as a matter of law.[2] *See Hayes v. Civ. Ser. Com'n of Metro Gov.*, 907 S.W.2d 826 (Tenn. App. 1995) (holding when the state statute did not abrogate the common law rule, the only available damage remedy in a mandamus action was one for making a false return, and damages for the delay in doing the thing the mandamus sought to command could not be sought in the mandamus action), *see also Smith v. Berryman*, 199 S.W. 165 (Mo. 1917) (holding that, absent a false return, no damages could be recovered in an action for mandamus).

Therefore, we find that the trial court properly concluded damages are not recoverable in an action for an award of a writ of mandamus as a matter of law. As a result, we do not reach plaintiff's remaining assignments of error with regards to denial of damages.

II.

[2] Plaintiff next contends the trial court erred in granting summary judgment to defendant with regards to the second cause of action in the complaint for blacklisting and interference with contract.

"Summary judgment is properly granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as

interpretation of *Caves* as precedent in this matter to be erroneous, as the Court in *Caves* issued a writ of mandamus only to enforce the terms on an underlying order to which plaintiff had already established a legal right, but awarded no new damages to plaintiff for the delay in compliance.

2. A number of jurisdictions permit an award of damages in a writ of mandamus, but such damages are solely authorized by state statutory codes. *See* R.P. Davis, Annotation, *Allowance of Damages to Successful Plaintiff or Relator in Mandamus*, 73 A.L.R.2d 903 1960.

**HOLROYD v. MONTGOMERY CTY.**

[167 N.C. App. 539 (2004)]

a matter of law.' " *Kent v. Humphries*, 303 N.C. 675, 677, 281 S.E.2d 43, 45 (1981) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975)).

Blacklisting is governed by N.C. Gen. Stat. § 14-355 (2003) which defines both the offense and an affirmative defense to the charge:

> If any person, agent, company or corporation, after having discharged any employee from his or its service, shall prevent or attempt to prevent, by word or writing of any kind, such discharged employee from obtaining employment with any other person, company or corporation, such person, agent or corporation shall be guilty of a . . . misdemeanor and . . . punished by a fine . . . and . . . shall be liable in penal damages to such discharged person, to be recovered by civil action. This section shall not be construed as prohibiting any person or agent of any company or corporation from furnishing in writing, upon request, any other person, company or corporation to whom such discharged person or employee has applied for employment, a truthful statement of the reason for such discharge.

The purpose of the blacklisting statute is not to prohibit employers from communicating truthful information as to the nature and character of former employees. *See Goins v. Sargent*, 196 N.C. 478, 483, 146 S.E. 131, 133 (1929). In *Friel v. Angell Care Inc.*, 113 N.C. App. 505, 440 S.E.2d 111 (1994), this Court interpreted § 14-355, holding that "[f]or the statute to be violated . . . statements to the prospective employer would have [to be] unsolicited." *Friel*, 113 N.C. App. at 511, 440 S.E.2d at 115. When truthful oral statements were made by the defendant in response to an inquiry from a prospective employer as to whether they would rehire a former employee, the *Friel* Court held that § 14-355 did not apply as a matter of law. *Id.*

Here, a careful review of the record shows that defendant's comments regarding plaintiff were made in response to inquiries by prospective employers. Depositions submitted by plaintiff indicate that prospective employers contacted defendant concerning plaintiff's job applications, including a neighboring county's department of social services. During these solicited conversations, plaintiff alleges that defendant revealed the pending worker's compensation claim and lawsuit. Such truthful statements made by defendant in the course of such inquires were privileged under § 14-355. Therefore the trial court's grant of summary judgment was appropriate.

**[3]** Plaintiff next contends the trial court erred in granting summary judgment on the claim of interference with contract. This argument is not properly before the Court. " '[A] defendant is entitled to know from the complaint the character of the injury for which he must answer.' " *Walker v. Sloan*, 137 N.C. App. 387, 394-95, 529 S.E.2d 236, 242 (2000) (quoting *Thacker v. Ward*, 263 N.C. 594, 599, 140 S.E.2d 23, 28 (1965)). "Failure to plead or argue a theory of recovery before the trial court precludes the assertion of that theory on appeal." *Broyhill v. Aycock & Spence*, 102 N.C. App. 382, 391, 402 S.E.2d 167, 173 (1991).

Plaintiff's complaint specified that plaintiff sought relief for blacklisting under § 14-355, but failed to plead with the required particularity a claim for interference with contract. The elements of a tortious interference with contract action are:

"(1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff."

*Beck v. City of Durham*, 154 N.C. App. 221, 232, 573 S.E.2d 183, 191 (2002) (quoting *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988)). Plaintiff did not allege the existence of any contractual relationship in her complaint. For a claim of tortious interference with prospective advantage, " '[p]laintiff must show that Defendants induced a third party to refrain from entering into a contract with Plaintiff without justification. Additionally, Plaintiff must show that the contract would have ensued but for Defendants' interference.' " *Id.* (citation omitted). Plaintiff fails to allege the existence of a contract which would have ensued but for defendant's interference. Nor do we find that plaintiff raised this issue before the trial court or moved to amend her complaint to include such allegations. As plaintiff failed to properly plead an action for tortious interference with contract in her complaint, plaintiff's second claim on this assignment of error is not properly before the Court for review.

As the trial court committed no error in denying damages as a matter of law in a writ of mandamus and in granting defendant's motion for summary judgment as to the claim of blacklisting, we therefore affirm both appealed orders.

Affirmed.

Judges TIMMONS-GOODSON and McCULLOUGH concur.