Torres v. The Steel Network, Inc., 2009 NCBC 19.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF WAKE                            09 CVS 3654

| | |
|---|---|
| MICHAEL L. TORRES, )<br>                Plaintiff      )<br>                        )<br>      v.                   )<br>                        )<br>THE STEEL NETWORK, INC., EDWARD   )<br>DIGIROLAMO and BANK OF AMERICA, NA, )<br>               Defendants    ) | **ORDER AND OPINION** |

[1]     THIS CAUSE is before the court upon a Motion to Dismiss (the "Motion") filed by Defendant Bank of America, NA (the "Bank"), on April 7, 2009, pursuant to the provisions of Rule12(b)(6), North Carolina Rules of Civil Procedure (the "Rule(s)"). By way of the Motion, the Bank seeks dismissal of the Eleventh Cause of Action stated against it in Plaintiff's Complaint.

[2]     Also pending are Plaintiff's Motion to Compel, filed on July 13, 2009; and the Bank's Motion for a Protective Order, filed on July 22, 2009 (collectively the "Discovery Motions"). The Discovery Motions involve discovery initiatives propounded by Plaintiff to the Bank as a party defendant.

[3]     After considering the arguments, briefs, other submissions of counsel and appropriate matters of record, as discussed *infra*, the court concludes that the Bank's Motion should be GRANTED.

[4]     In light of this ruling, the Plaintiff's Motion to Compel should be DENIED and the Bank's Motion for a Protective Order should be GRANTED, as further discussed below.

*James C. White, Esq. for Plaintiff Michael L. Torres.*

*McGuire Woods, LLP, by Mark E. Anderson, Esq. for Defendant Bank of America, NA.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by K. Alan Parry, Esq. for Defendants The Steel Network, Inc. and Edward Digirolamo.*

Jolly, Judge.

I.

PROCEDURAL AND FACTUAL BACKGROUND

[5]     On February 25, 2009, Plaintiff filed a Complaint against Defendants in Wake County.  Plaintiff asserts ten separate causes of action against the non-moving Defendants, and an Eleventh Cause of Action (the "Claim") against movant, Defendant Bank.  The Claim seeks relief from the Bank for tortious interference with contended contract rights between Plaintiff and non-moving Defendant The Steel Network, Inc. ("TSN").

[6]     On March 27, 2009, this matter was designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b), and was assigned to the undersigned Special Superior Court Judge for Complex Business Cases by Order of the Chief Special Superior Court Judge for Complex Business Cases.

[7]     On April 7, 2009, the Bank timely filed its Motion pursuant to Rule 12(b)(6), seeking dismissal of Plaintiff's Claim for failure to state a claim upon which

relief can be granted.  The Motion has been fully briefed by the interested parties and is ripe for determination by the court.[1]

[8]     Among other things, the Amended Complaint alleges that:

(a)     In June 2008, certain agreements were entered into between Plaintiff and the non-moving Defendants.  In substance, the agreements involved purchase by Defendant TSN of Plaintiff's minority ownership shares of TSN stock.

(b)     Ultimately, the executed agreements included a Stock Redemption Agreement, Pledge Agreement, Stock Power and Promissory Note (the "Note") (collectively, the "Redemption Documents").  The Note called for certain periodic payments to Plaintiff by TSN over a period of three years, ending in a balloon payment to Plaintiff on or before December 31, 2011.

(c)     On or about December 30, 2008, the Bank notified TSN, by letter (the "Notice Letter"), that the Note entered into between TSN and Plaintiff violated certain debt service ratio covenants of a pre-existing December 2007 loan agreement between the Bank and TSN.[2]  The Bank indicated that it intended to call the TSN debt to the Bank unless Plaintiff agreed either to subordinate the Note to the TSN debt to the Bank or unwind the redemption agreements between TSN and Plaintiff.

---

[1] The Motion has been determined by the court without oral argument, pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court.
[2] The Notice Letter is attached to the Complaint as Exhibit G, and is properly before the court for Rule 12(b)(6) purposes.  *Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 204 (2007); *Woolard v. Davenport*, 166 N.C. App. 129 (2004).

(d)     TSN subsequently repudiated the Redemption Documents, on a pretext that Plaintiff had breached a nondisclosure agreement.  The Note was not paid.

II.

DISCUSSION

The court, having reviewed and considered the Complaint, the Motion, appropriate matters of record and the respective arguments of the parties, CONCLUDES:

A.

Defendant's Rule 12(b)(6) Motion

[9]     Under North Carolina law, a claim for tortious interference with contract rights requires proof that:

(a)     There existed a valid contact between the plaintiff and a third person;

(b)     The defendant was aware of the contract;

(c)     The defendant intentionally induced the third person not to perform the contract;

(d)     In doing so, the defendant acted without justification; and

(e)     Actual damage resulted to the plaintiff.

*Embree Const. Group, Inc. v. Rafcor, Inc.*, 330 N.C. 487, 498 (1992).

[10]     Our courts long have held that if a defendant's motives in allegedly interfering with third-party rights reasonably relate to the protection of a legitimate business interest of the defendant, such interference is justified and therefore not

actionable. To survive Rule 12(b)(6) dismissal, the good faith allegations of the complaint must not support a justifiable motive on the part of the defendant in interfering with the third-party contract. *Privette v. UNC*, 96 N.C. App. 124, 134 (1989); *Filmar Racing, Inc. v. Stewart*, 141 N.C. App. 668, 674 (2001).

[11]     Here, the Complaint and its exhibits show that execution of the Note threatened to place TSN in violation of its pre-existing contractual covenants with the Bank. The documents of record also establish that the purported actions of the Bank were motivated by justifiable interests in protecting pre-existing legitimate contractual interests between TSN and the Bank, and that the Bank's actions were proper and proportionate to the interests it sought to protect. *Peoples Sec. Life Ins. Co. v. Hooks*, 322 N.C. 216 (1988); *Childress v. Abeles*, 240 N.C. 667, 676 (1954); *Fitzgerald v. Wolf*, 40 N.C. App. 197 (1979). Also instructive is *Crowder Construction Co. v. City of Charlotte*, Mecklenburg County Super. Ct., File No. 08 CVS 9546 (March 11, 2009 Order granting summary judgment).[3]

[12]     The bare allegations in the Complaint, to the effect that the Bank acted "without justification" and in a "manner not" reasonably related to the protection of legitimate business interests, are not sufficient to overcome the facts as alleged in the Complaint and supporting documents. *Sutton v. Duke*, 277 N.C. 94 (1970).

[13]     The documents of record before the court support no conclusion other than that the Bank was acting pursuant to its contractual rights arising from its loan agreements with TSN. It was justifiable for the Bank to send the Notice Letter and otherwise to seek protection for its legitimate pre-existing business interests.

---

[3] *Crowder* is an action docketed in the North Carolina Business Court. The Order referenced above is available online at the Business Court website, www.ncbusinesscourt.net.

[14]    Consequently, the Bank's Rule 12(b)(6) Motion should be granted.

B.

The Discovery Motions

[15]    The Discovery Motions involve discovery propounded by Plaintiff to the Bank in the Bank's role as a Defendant in this civil action.  The above ruling will act to dismiss the Bank as a party defendant.

[16]    Accordingly, the Plaintiff's Motion to Compel should be denied and the Bank's Motion for a Protective Order should be granted; provided that this should be without prejudice to Plaintiff's right to submit further discovery to the Bank in its role as a non-party.

III.

CONCLUSION

NOW THEREFORE, based upon the foregoing, it is ORDERED that:

[17]    The Motion to Dismiss Plaintiff's Eleventh Cause of Action, filed by Defendant Bank of America, NA, on April 7, 2009, is GRANTED, pursuant to the provisions of Rule12(b)(6), North Carolina Rules of Civil Procedure; and said Eleventh Cause of Action is DISMISSED.

[18]     Plaintiff's Motion to Compel, filed on July 13, 2009, is DENIED; and the Bank's Motion for a Protective Order, filed on July 22, 2009, is GRANTED.  This ruling shall be without prejudice to Plaintiff's right to submit further discovery to the Bank in its role as a non-party.

[19]    No costs are assessed.

This the 27th day of July, 2009.