An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-750
NORTH CAROLINA COURT OF APPEALS

Filed: 3 February 2015

THE GUIDING LIGHT MISSIONARY
BAPTIST ASSOCIATION, INC.

    Plaintiff,

    v.                                          Rowan County
                                          No. 12 CVS 270
MT. ZION BAPTIST CHURCH, BOYDEN
QUARTERS,

    Defendants.


Appeal by plaintiff from order entered 4 June 2013 and judgment entered 1 April 2014 by Judge Mark E. Klass in Rowan County Superior Court. Heard in the Court of Appeals 20 November 2014.


    *Nancy R. Gaines for plaintiff-appellant.*

    *Kluttz Reamer Hayes Randolph Adkins & Carter, LLP, by Richard R. Reamer, for defendant-appellee.*


    STEELMAN, Judge.

    The trial court erred in dismissing plaintiff's claim against Barr at summary judgment because there was a genuine issue of material fact as to whether Barr's actions were justified. Where, on appeal, plaintiff failed to argue the

issue of whether it was entitled to recover punitive damages from Barr, any appeal of that claim is deemed abandoned, and is dismissed.

## I. Factual and Procedural Background

The Guiding Light Missionary Baptist Association, Inc. (plaintiff) is an incorporated religious organization made up of individual member churches. Mt. Zion Baptist Church, Boyden Quarters (Mt. Zion) was a member of plaintiff. In 2003, plaintiff decided to build a Convention Center, and in 2005 acquired financing for the project. Mt. Zion, as a member of plaintiff, committed to pay $550.00 per month towards debt incurred in the construction of the Convention Center. In July 2010, Corey Barr (Barr) became Pastor of Mt. Zion Church. Up to that time, Mt. Zion had paid all of the monthly installments towards the Convention Center debt, without missing a payment.

In February of 2011, Mt. Zion removed itself from plaintiff and stopped paying the monthly installments towards the debt for plaintiff's Convention Center. Plaintiff brought this action against Mt. Zion, seeking monetary damages for breach of contract, and against Barr, seeking monetary damages for tortious interference with a contract and punitive damages. Plaintiff's complaint also sought a temporary restraining order

and preliminary injunction against Barr. On 4 April 2013, defendants filed a motion for summary judgment, seeking dismissal of the claims against Mt. Zion and Barr, and also for summary judgment on Mt. Zion's counterclaim. On 4 June 2013, the trial court entered its summary judgment order, dismissing plaintiff's claims with respect to Barr, but denied summary judgment with respect to the claims between plaintiff and Mt. Zion. Plaintiff initially attempted to appeal this order on 19 June 2013. On 1 November 2013, this Court dismissed that appeal as interlocutory, since there were unresolved claims between plaintiff and Mt. Zion. Those claims were tried before Judge Klass and a jury at the 24 March 2014 session of Superior Court for Rowan County. On 1 April 2014, the trial court entered judgment based upon the jury verdict awarding damages of $13,200 to plaintiff against Mt. Zion for breach of contract. The judgment also awarded $3,000 to Mt. Zion on its counterclaim against plaintiff.

Plaintiff appeals the final judgment of 1 April 2014, and all interlocutory orders entered in this matter, including the summary judgment order of 4 June 2013.

## II. Summary Judgment

-4-

In its only argument on appeal, plaintiff contends that the trial court erred in dismissing its claims against Barr for tortious interference with a contract and punitive damages. We agree in part.

## A. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)(quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)); *see also* N.C. R. Civ. P. 56(c).

The moving party bears the burden of demonstrating the lack of triable issues of fact. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). On appeal from summary judgment, "[w]e review the record in the light most favorable to the non-moving party." *Bradley v. Hidden Valley Transp., Inc.*, 148 N.C. App. 163, 165, 557 S.E.2d 610, 612 (2001) (citation omitted), *aff'd per curiam*, 355 N.C. 485, 562 S.E.2d 422 (2002). Summary judgment is improperly granted where there is a genuine issue of material fact.

## B. Claim for Tortious Interference with a Contract

Plaintiff contends that the trial court erred in granting summary judgment as to the tortious interference with a contract claim against Barr, contending that there are genuine issues of material fact regarding the elements of that claim.

The elements of a claim for tortious interference with a contract are: (1) a valid contract between plaintiff and a third party, which confers upon plaintiff a contractual right against a third party; (2) defendant knows of the contract; (3) defendant intentionally induces the third party not to perform the contract; (4) and in doing so acts without justification; and (5) resulting in actual damage to plaintiff. *Holroyd v. Montgomery Cty.*, 167 N.C. App. 539, 546, 606 S.E.2d 353, 358 (2004), *disc. review denied and cert. denied*, 359 N.C. 631, 613 S.E.2d 690 (2005).

"[A] third party who induces one party to terminate or fail to renew a contract with another may be held liable for malicious interference with the party's contractual rights if the third party acts without justification." *Fitzgerald v. Wolf*, 40 N.C. App. 197, 199, 252 S.E.2d 523, 524 (1979). For Barr to be liable for tortious interference with the contract between plaintiff and Mt. Zion, his interference must have been "without justification." The justification for an actor's

conduct depends upon "the circumstances surrounding the interference, the actor's motive or conduct, the interests sought to be advanced, the social interest in protecting the freedom of action of the actor and the contractual interests of the other party." *Peoples Sec. Life Ins. Co. v. Hooks*, 322 N.C. 216, 221, 367 S.E.2d 647, 650, *reh'g denied*, 322 N.C. 486, 370 S.E.2d 227 (1988). Finally, "a person is justified in inducing the termination of a contract of a third party if he does so for a reason reasonably related to a legitimate business interest." *Fitzgerald*, 40 N.C. App. at 200, 252 S.E.2d at 524.

The only issue in the instant case concerns the fourth element of the tortious interference claim; specifically whether Barr had justification for his actions resulting in Mt. Zion stopping payments to plaintiff towards the Convention Center debt. Plaintiff contends that Barr had no justification for his actions resulting in Mt. Zion's stopping the payments to plaintiff. Affidavits before the trial court at the summary judgment hearing tend to show that Barr expressed dissatisfaction with plaintiff's financial practices. While plaintiff contends that Barr acted solely out of malice towards plaintiff, Barr contends that his actions were justified by plaintiff violating its own bylaws and constitution regarding

financial matters. Barr also contends that he was doing what was in the best interest of Mt. Zion, which was his role as pastor of the church. The question of whether Barr was justified in his actions that resulted in Mt. Zion breaching the contract with plaintiff is a genuine issue of material fact.

The trial court erred in dismissing plaintiff's claim for tortious interference with a contract against Barr. The trial court's order of 4 June 2013 is reversed as to this claim, and this matter is remanded to the trial court for a jury trial.

## C. Punitive Damages Claim

On appeal, plaintiff has failed to present any argument that the trial court's grant of summary judgment in favor of Barr on plaintiff's claim for punitive damages was improper. Any appeal of this issue is deemed abandoned, and is dismissed. N.C. R. App. P. 28(b)(6).

## III. Final Judgment

Although plaintiff has raised arguments concerning the summary judgment order of 4 June 2013, plaintiff makes no arguments with respect to the final judgment of 1 April 2014. We deem such arguments abandoned, and dismiss them. N.C. R. App. P. 28(b)(6).

REVERSED AND REMANDED IN PART, DISMISSED IN PART.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).